IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:13-CT-3109-F

| | | |
|---|---|---|
| JAMES R. GRAHAM, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| STEPHEN HURST, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court upon the following motions: 1) Plaintiff's motion for default judgment against Defendant Hill [DE-26]; 2) Defendant Hill's motion for summary judgment [DE-35]; 3) Plaintiff's motion for a settlement conference [DE-40]; and 4) Defendant Hurst's motion for summary judgment [DE-42]. For the following reasons: 1) Plaintiff's claims against Defendant Forrest are DISMISSED WITHOUT PREJUDICE; 2) Plaintiff's motion for default judgment [DE-26] is DENIED; 3) Plaintiff's claims against Defendant Hurst and Defendant Hill are DISMISSED for failure to prosecute, or, in the alternative, Defendants' motions for summary judgment [DE-35, 42] are ALLOWED; and 4) Plaintiff's motion for a settlement conference [DE-40] is DENIED AS MOOT.

### I. Procedural Background

On May 7, 2013, Plaintiff, an inmate in the custody of the State of North Carolina, filed this action under 42 U.S.C. § 1983. Compl. [DE-1]. The court found that Plaintiff's complaint survived frivolity review on March 24, 2014, and the clerk of court was directed to maintain management of Plaintiff's claims [DE-6]. Defendant Hurst and Defendant Forrest were served on April 2, 2014 [DE-

9, 10]. However, the summons issued to Defendant Hill was returned unexecuted on May 2, 2014 [DE-15]. The summons was reissued on May 20, 2014, and Defendant Hill was properly served on May 23, 2014 [DE-23]. Also on May 23, 2014, Defendant Hurst's request for an extension of time to file an answer was allowed. May 23, 2014 Order [DE-22]. Defendant Hill filed a timely answer on June 13, 2014 [DE-25], and Defendant Hurst filed a timely answer on June 19, 2014 [DE-27]. Plaintiff filed the instant motion for default judgment on June 18, 2014 [DE-26], and the instant motion for a settlement conference on October 6, 2014 [DE-40]. Defendant Hill filed a motion for summary judgment on September 11, 2014 [DE-35], and Defendant Hurst filed a motion for summary judgment on November 7, 2014 [DE-42]. Pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975) (per curiam), the court notified Plaintiff about both motions for summary judgment, the consequences of failing to respond, and the response deadlines [DE-39, 45]. Specifically, these notifications stated, *inter alia*, that if Plaintiff did not respond to the motions for summary judgment, "the court may grant the motion[s] and enter summary judgment against [him]." [DE-39, 45]. Plaintiff did not respond to either motion for summary judgment, and the time for doing so has expired. Accordingly, these matters are now ripe for adjudication.

## II. Factual Background

In his complaint, Plaintiff contends that he received inadequate treatment for an "infected partially impacted wisdom tooth." Compl. [DE-1], p. 3. Specifically, Plaintiff contends Defendants unnecessarily delayed having the infected tooth extracted. Id. at pp. 3-6.

Plaintiff's medical records indicate that he requested treatment from the dental clinic at Bertie Correctional Institution ("Bertie") on May 17, 2010. Hurst. Aff. [DE-44] ¶ 4. He complained of "red/swollen gums; gum bleeding when brushing teeth; sensitivity to hot/cold liquids." Id. X-rays

2

were taken of Plaintiff's teeth, and Defendant Hurst[1] conducted a thorough oral examination. Id. ¶ 5. As a result of this examination, Defendant Hurst concluded that in the future Plaintiff would likely "need a filling on tooth #31." Id. ¶ 7. In addition, Defendant Hurst also opined that Plaintiff "might at some point in the future need . . . extraction of . . . the lower right wisdom tooth." Id. Specifically, that tooth "had a condition known as pericoronitis, which is inflammation of the gum tissue surrounding the crown." Id.[2] However, Plaintiff's lower right wisdom tooth did not have any active decay or caries. Id. After conducting his examination, Defendant Hurst also "performed a gross debridement with cavitron sealer, the purpose of which was to grossly remove all plaque, calculus and other deposits on his teeth." Id. ¶ 5. Finally, Defendant Hurst indicated that Plaintiff needed a "fine scaling/polishing," which could be completed by a dental hygienist at Plaintiff's next visit. Id.

Defendant Hill[3] performed a scaling and polishing of Plaintiff's teeth on June 28, 2010. Id. ¶ 10; Hill Aff. [DE-36-2] ¶ 4. This process consisted of "an oral cancer exam, a periodontal probing, scaling of the teeth, polishing of the teeth, a fluoride rinse, and instructions on good oral hygiene." Hill Aff. [DE-36-2] ¶ 4. This appointment was the only time Defendant Hill treated Plaintiff. Id. ¶ 5.

---

[1] During the time relevant to the instant complaint, Defendant Hurst was a licensed dentist employed by the North Carolina Department of Public Safety ("DPS"). Hurst Aff. [DE-44] ¶ 1.

[2] According to Defendant Hurst "Pericoronitis is frequently successfully treated with repeated debridements and proper oral hygiene, thus avoiding the need to extract the affected tooth." Hurst Aff. [DE-44] ¶ 9. Thus, "DPS guidelines require at least two attempts to treat pericoronitis in non-decayed third molars prior to referral for extraction." Id.

[3] During the time relevant to the instant complaint, Defendant Hill was a licensed dental hygienist employed by DPS. Hill Aff. [DE-36-2] ¶ 1.

3

Plaintiff was next scheduled to received dental treatment at Bertie on October 28, 2010. Hurst. Aff. [DE-44] ¶ 4. However, Plaintiff missed this appointment, refusing to appear in the dental clinic. Id. ¶ 12. Plaintiff did not request any further treatment from Defendant Hurst or Defendant Hill.[4] Id.

### III. Analysis

**A.  Rule 25 and substitution of deceased party**

Defendant Forrest was served on April 2, 2014 [DE-10], and passed away on April 6, 2014 [DE-14]. Counsel for Defendant Hill filed a notice of Defendant Forrest's death on April 23, 2014 [DE-14]. This notice was served upon Plaintiff. Id. at p. 2. No motion to substitute an appropriate party for Defendant Forrest has be filed. Rule 25(a)(1) of the Federal Rules of Civil Procedure states:

> Substitution if the Claim Is Not Extinguished. If a party dies and the claim is not extinguished, the court may order substitution of the proper party. A motion for substitution may be made by any party or by the decedent's successor or representative. If the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed.

Fed. R. Civ. P. 25(a)(1).

Thus, Rule 25 permits substitution of a new party upon the death of another only when: 1) a motion for substitution is made by a party or by decedent's representative 2) within 90 days after the notice of death is filed, and 3) the decedent's claim is not extinguished by his death. Ray v. Cutlip, No. 2:13-CV-75, 2014 WL 858736, at *1 (N.D.W. Va. Mar. 5, 2014). Because more than 90 days have passed since the notice of death was filed with this court and served upon Plaintiff, and no motion to substitute his estate as a defendant has been filed, Plaintiff's claims against Defendant

---

[4] After this missed appointment, Plaintiff was transferred from Bertie to Lanesboro Correctional Institution. Compl. [DE-1], p. 4.

4

Forrest are DISMISSED WITHOUT PREJUDICE. Goodman v. Smith, No. 7:00CV00986, 2004 WL 3222889, at *3 (W.D. Va. Mar. 26, 2004) (dismissing without prejudice § 1983 claims filed by a pro se inmate plaintiff where said plaintiff failed to properly substitute a deceased defendant).

**B.     Default Judgment**

Rule 12(a)(1)(A)(i) of the Federal Rules of Civil Procedure generally requires that a defendant serve a responsive pleading within twenty-one days from service of the complaint. Plaintiff asserts that he is entitled to default judgment against Defendant Hill because she did not answer or otherwise respond to Plaintiff's complaint within that time frame. Defendant Hill was served with Plaintiff's complaint on May 23, 2014 [DE-23], and filed her answer within 21 days on June 13, 2014 [DE-25]. Therefore, Plaintiff's motion for default judgment [DE-26] is DENIED.

**C.     Failure to Prosecute**

Plaintiff did not respond to the instant motions for summary judgment, despite being advised in two Roseboro notices that if he did not "the court may grant the motion[s] and enter summary judgment against [him]." [DE-54, 57]. Plaintiff was so advised because, to show that a genuine dispute of material fact exists, a party may not rest upon the mere allegations or denials of his pleadings. See Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986) (Rule 56(e) permits a proper summary judgment motion to be opposed by any of the kinds of evidentiary materials listed in Rule 56(c), except the mere pleadings themselves). Rather, the party must present evidence supporting his or her position through "depositions, answers to interrogatories, and admissions on file, together with . . . affidavits, if any." Id. at 322; see also Cray Communications, Inc. v. Novatel Computer Systems, Inc., 33 F.3d 390 (4th Cir.1994); Orsi v. Kickwood, 999 F.2d 86 (4th Cir.1993).

Likewise, under Federal Rule of Civil Procedure 41(b), "[i]f the plaintiff fails to prosecute

5

or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. P. 41(b); see also Link v. Wabash R.R. Co., 370 U.S. 626, 629-32 (1962) (noting that federal courts have the inherent power to dismiss an action for failure to prosecute either sua sponte or on the motion of a party). "The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." Link, 370 U.S. at 629-30. Here, Plaintiff has failed to respond to the instant motions for summary judgment, and he has been cautioned that such failure could result in the dismissal of his claims. For these reasons, Plaintiff's claims against Defendant Hurst and Defendant Hill are DISMISSED for failure to prosecute. Nonetheless, out of an abundance of caution, the court shall address the merits of these claims.

**D. Motions for Summary Judgment**

Summary judgment is appropriate when, after reviewing the record taken as a whole, no genuine issue of material fact exists, and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247–48 (1986). The party seeking summary judgment bears the initial burden of demonstrating the absence of a genuine issue of material fact. Celotex, 477 U.S. at 325. Once the moving party has met its burden, the nonmoving party may not rest on the allegations or denials in its pleading, Anderson, 477 U.S. at 248–49, but "must come forward with specific facts showing that there is a genuine issue for trial," Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986) (emphasis removed) (quotation omitted). A trial court reviewing a motion for summary judgment should determine whether a genuine issue of material fact exists for trial. Anderson, 477 U.S. at 249. In making this determination, the court must view the evidence and the inferences drawn therefrom in the light most

6

favorable to the nonmoving party. Scott v. Harris, 550 U.S. 372, 378 (2007).

Section 1983 provides that "[e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured." 42 U.S.C. § 1983. Ordinarily, to establish a claim under § 1983, a plaintiff most prove: (1) he was deprived of a right secured by the Constitution or laws of the United States, and (2) the alleged deprivation of rights was committed under color of law. American Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 59-60 (1999).

Plaintiff first contends that Defendants were deliberately indifferent to his serious medical needs. In order to prove such a claim, Plaintiff "must demonstrate that the officers acted with 'deliberate indifference' (subjective) to [his] 'serious medical needs' (objective)." Iko v. Shreve, 535 F.3d 225, 241 (4th Cir. 2008) (quoting Estelle v. Gamble, 429 U.S. 97, 104 (1976)). Unless medical needs were serious or life threatening, and the defendants were deliberately and intentionally indifferent to those needs of which he was aware at the time, a plaintiff may not prevail. Estelle, 429 U.S. at 105. A prisoner is not entitled to choose his course of treatment. See Russell v. Sheffer, 528 F.2d 318, 318-19 (4th Cir. 1975) (per curiam). Likewise, mere negligence in diagnosis or treatment does not state a constitutional claim. Estelle, 429 U.S. at 105–06.

Plaintiff has not established a claim for deliberate indifference to a serious medical need. Assuming without deciding that Plaintiff has alleged a serious medical need, Plaintiff received appropriate dental treatment. Specifically, Plaintiff received dental examinations from both Defendant Hurst and Defendant Hill. Hill Aff. [DE-36-2] ¶ 4; Hurst. Aff. [DE-44] ¶ 5. Defendant Hurst observed that Plaintiff's lower right wisdom tooth "might at some point in the future" need

to be extracted due to pericoronitis. Hurst Aff. [DE-44] ¶ 7. However, Defendant Hurst choose to initially treat Plaintiff's pericoronitis non-surgically in hopes of avoiding a future extraction. Id. ¶¶ 7-9. Defendant Hill assisted in this non-surgical treatment by, *inter alia*, conducting a dental examination and cleaning Plaintiff's teeth. Hill Aff. [DE-36-2] ¶ 4. Plaintiff apparently disagrees with the non-surgical treatment he received. However, an inmate is not entitled to unqualified access to health care and treatment may be limited to what is medically necessary and not "that which may be considered merely desirable" to the inmate. Bowring v. Godwin, 551 F.2d 44, 47-48 (4th Cir.1977). Likewise, "[d]isagreements over medications, diagnostic techniques, forms of treatment, the need for specialists, and the timing of their intervention implicate medical judgments and not the Eighth Amendment." Jordan v. Fischer, 773 F. Supp. 2d 255, 276 (N.D.N.Y. 2011); see Estelle, 429 U.S. at 105–06. Moreover, Defendants' attempts to monitor Plaintiff's condition were curtailed by his refusal to appear for an October 28, 2010 appointment. Hurst Aff. [DE-44] ¶ 12. Therefore, any lack of treatment was not a result of Defendants' acts or omissions. McCoy v. Young, No. 7:12-CV-00192, 2012 WL 5465017, at *6 (W.D. Va. May 23, 2012) (dismissing deliberate indifference claim against nurse where plaintiff refused treatment). For these reasons, Plaintiff's claims against Defendant Hurst and Defendant Hill are DISMISSED.

## IV. Conclusion

For the aforementioned reasons: 1) Plaintiff's claims against Defendant Forrest are DISMISSED WITHOUT PREJUDICE; 2) Plaintiff's motion for default judgment [DE-26] is DENIED; 3) Plaintiff's claims against Defendant Hurst and Defendant Hill are DISMISSED for failure to prosecute, or, in the alternative, Defendants' motions for summary judgment [DE-35, 42] are ALLOWED; and 4) Plaintiff's motion for a settlement conference [DE-40] is DENIED AS

MOOT. The Clerk of Court is DIRECTED to close this case.

SO ORDERED. This the 13 day of February, 2015.

_____
JAMES C. FOX
Senior United States District Judge